**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

JUN 0 5 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| **ST. RAPHAEL SURGERY CENTER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:16-cv-1295-OLG** |
| | § | |
| **AETNA LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

**AGREED PROTECTIVE ORDER**

The Court has considered the Joint Motion for Entry of Agreed Protective Order filed by Plaintiff St. Raphael Surgery Center and Defendant Aetna Life Insurance Company, referred to collectively as the "Parties." The Court finds and concludes that good cause exists to enter this Agreed Protective Order, and the Court therefore ORDERS:

1.      **Scope.** Certain documents or electronically stored information relevant to this litigation (the "Litigation") may contain confidential information, including commercially sensitive or proprietary information, financial or business plan information, physician-patient privileged information, and non-party individuals' health information deemed private under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Such information is referred to herein as "Confidential Information." The Parties may, however, produce certain Confidential Information for use in the Litigation subject to the terms of this Protective Order.

2.      **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or otherwise identifying the information

as Confidential Information at the time of production. Such designation shall be made at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

3.     The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order or, alternatively, by any Party within 30 days of receipt of the deposition transcript. The court reporter shall stamp the portions of deposition testimony designated as containing Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Furthermore, Confidential Information shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "Confidential Information."

4.     **Protected Health Information.** Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by HIPAA and the regulations promulgated thereunder. Subject to the rules of procedure governing this action and without prejudice to any Parties' objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claim at issue in this Litigation, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information under paragraph 2 above. This Order does not authorize the disclosure of PHI under any other circumstances.

5.     **Specific Provisions Concerning Disclosure of PHI.** When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth, and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are

2

otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this Litigation, the receiving Party shall take all measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA and TEX. INS. CODE §§ 601, 602, *et. seq.* Such measures may include filing PHI under seal and redacting patient names, dates of birth, and Social Security numbers from documents containing PHI.

      6.    **Burden of Proof and Challenges to Confidential Information.** The Party designating information, documents, materials, or items as Confidential or Attorneys' Eyes Only bears the burden of establishing confidentiality. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Confidential or Attorneys' Eyes Only. If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as Confidential or Attorneys' Eyes Only or disagrees with a Party's failure to designate a document or information as Confidential or Attorneys' Eyes Only, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, then the dispute may be presented to the Court by motion.

7.      **Limitations on Designation of Confidential Information as Attorneys' Eyes Only.** Nothing shall be designated as Attorneys' Eyes Only information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

8.      **Restrictions on Disclosure.**   All Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

> a.      such documents, information, and things shall be used only for the purpose of this specific Litigation and not for any other purpose whatsoever;
>
> b.      such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and
>
> c.      no one except Qualified Persons identified in paragraph 11 shall be provided copies of any Confidential Information.

9.      **Additional Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** Notwithstanding the provisions of paragraph 8, *all* Confidential Information designated as Attorneys' Eyes Only produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

> a.      such documents, information and things shall be used only for the purpose of this Litigation and not for any other purpose whatsoever;
>
> b.      such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order;

c.     such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs paragraphs 11(a), 11(b), and 11(c) and only working copies shall be made of such documents; and

d.     no one except Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) shall be provided copies of any Confidential Information.

10.    **The Parties' Right to Use "Confidential Information."** Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit. Nor does this Order prohibit the filing of documents on the ECF filing system that would otherwise be permitted, provided that all PHI and/or other Confidential Information is properly redacted, filed pursuant to a motion to seal, or is otherwise sufficiently protected from disclosure, including compliance with Federal Rule of Civil Procedure 5.2 and any other applicable court rules or orders.

11.    **Qualified Persons.** "Qualified Persons" means:

a.     the United States District Judge and any Magistrate Judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court, and any mediator selected or agreed-upon by the Parties or assigned in connection with this Litigation;

b.     counsel for the Parties, employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel), inhouse counsel, and independent third parties retained by counsel or the Parties to provide services in connection with this Litigation, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this Litigation;

c.     third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses, if any, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, or settlement of this Litigation;

d.   any present employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, and proceedings and trial, of this Litigation;

e.   any past employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, and proceedings and trial, of this Litigation;

f.   witnesses who are appearing for deposition in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation;

g.   any other person by Order of this Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further Order of the Court.

12.   **Duty to Ensure Compliance.** Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

13.   **Conclusion of the Litigation.**   Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information or information claimed to be confidential shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel. In the alternative, all such materials shall be destroyed, and the receiving party shall notify the producing party that the destruction has been completed, except that a party may retain Confidential Information generated by it. No originals or copies of any such Confidential Information will be retained by any person or entity to whom disclosure was made. Notwithstanding the foregoing, to

6

the extent any Confidential Information was used throughout the course of this Litigation as an

exhibit to a Party's pleadings, motions, and/or depositions, such Confidential Information may be

be retained by that Party's undersigned counsel of record consistent with his or her ordinary file

management and/or document retention policies and/or those of his or her firm.

14.     **Retroactive Designation.**   Confidential Information previously produced before

the entry of this Order, if any, shall be retroactively designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" and subject to this Order by notice in writing of the designated

class of each document by Bates number within thirty (30) days of the entry of this Order.

15.     **Inadvertent Production or Disclosure of Confidential Information.** In the event

that  a  Party  inadvertently  produces  Confidential  Information,  without  the  required

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact

the receiving Party as promptly as reasonably possible after the discovery of the inadvertent

production, and inform the receiving Party in writing of the inadvertent production and the specific

material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in

whole or in part of the producing Party's claim of confidentiality, either as to specific documents

and information disclosed or on the same or related subject matter. Upon receipt of such notice, the

receiving Party or Parties shall treat the material identified in the notice as Confidential or

Attorneys' Eyes Only under this Order, subject to the provisions regarding any challenges, if any,

to its confidential nature under paragraph 6. Following such notice of an inadvertent production,

the producing Party may also substitute any documents that were inadvertently or unintentionally

produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for

documents containing such designation. Upon such a request for substitution, the receiving Party

must return the unmarked documents to the producing Party within fourteen (14) days.

16.     **Use of Confidential Information at Trial.** Nothing in this Order shall preclude a Party from offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Information, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 11, where necessary, under this Order. If a Party seeks to file unredacted Confidential Information, it shall file that information under seal, and the Parties hereby consent to such filing under seal without the necessity of a motion for leave, unless otherwise required by the Court. PHI shall always be filed, if at all, under seal or further Order of this Court (subject to provisions for appropriate redactions under paragraph 10).

17.     **No Waiver or Modification.** Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this Litigation.

18.     This Order does not prejudice the right of any Party to apply to the Court for any other or further relief or to object on any appropriate grounds to any discovery requests, including to non-discoverable Confidential Information.

19.     **Future Orders.**   Nothing in this Order shall prohibit the Parties from seeking an Order of the Court regarding the production or protection of these or other materials in the future.

Signed on this 5 day of ___June___, 2017.

_____
UNITED STATES DISTRICT JUDGE

8

**AGREED:**


/s/ *Charles Scott Nichols
Charles Scott Nichols
*scott.nichols@strasburger.com*
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010
Carolyn L. Douglas
*carrie.douglas@strasburger.com*
Stephen T. Dennis
*Stephen.dennis@strasburger.com*
STRASBURGER & PRICE, LLP
2301 Broadway Street
San Antonio, Texas 78215

*Signed by permission*

**ATTORNEYS FOR PLAINTIFF**

/s/ Dimitri Zgourides
JOHN B. SHELY
Texas Bar No. 18215300
*jshely@andrewskurth.com*
DIMITRI ZGOURIDES
Texas Bar No. 00785309
*dzgourides@andrewskurth.com*
ANDREWS KURTH KENYON LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 - Phone
(713) 220-4285 - Fax

**ATTORNEYS FOR DEFENDANT**